```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| ELLA DAWN KELSCH )<br>        )<br>    Plaintiff,    )<br>        ) Civil Action No. 2:09cv34-JMH<br>        )<br>v.        )<br>        )<br>MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**<br>OF SOCIAL SECURITY,    )<br>        )<br>    Defendant.    )<br>        )<br>        ) | |

                   **     **     **     **     **

This matter is before the Court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Record No. 12]. Subsequent to the filing of her motion for attorney's fees, Plaintiff filed a proposed agreed order awarding her attorney's fees [Record No. 13]. The Court, having reviewed the motion and the proposed agreed order and being otherwise sufficiently advised, will grant Plaintiff's motion for attorney's fees.

                              **BACKGROUND**

Plaintiff brought this action challenging the denial of her application for Supplemental Security Income. Upon the motion of the Commissioner, the Court reversed the administrative decision and remanded the action for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g) [Record No. 10]. Plaintiff now moves for an award of attorney's fees in the amount of $2,500.00

for 20 hours of work at the rate of $125 per hour, in addition to $350.00 in costs. Attached as an exhibit to Plaintiff's motion for attorney's fees is Plaintiff's Affidavit and Assignment of Fees to her attorney, Debbie S. Feldman [Record No. 12, Ex. 4].

## ANALYSIS

While Plaintiff requests that any attorney's fees to which she is entitled under the EAJA be paid directly to her attorney, Debbie S. Feldman, the EAJA requires that "a court shall award to a *prevailing party* other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action." 28 U.S.C. § 2412(d)(1)(A)(emphasis added). Furthermore, this Court has clarified that attorney's fees awarded under the EAJA must be paid directly to the prevailing party, in this case the Plaintiff, even in the face of an assignment of fees to the prevailing party's attorney. *See Powell v. Comm'r, Social Security Admin.*, No. 07-cv-93, 2008 WL 2308116, (E.D. Ky. June 2, 2008).

Finding that Plaintiff's motion for attorney's fees is reasonable as to the time expended on the matter and the rate charged by Plaintiff's attorney, the Court will award Plaintiff $2,500.00 in attorney's fees and $350 in costs.

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

1) That Plaintiff's motion for attorney's fees and costs [Record No. 12], shall be, and the same hereby is, **GRANTED**; and

2) That Plaintiff is awarded fees under the Equal Access to Justice Act in the amount of $2,500.00 dollars, and costs in the amount of $350.

This the 4th day of January, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge